UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

Criminal Case No. 11-20035

v.

HON. DENISE PAGE HOOD

JOHN AUSTIN (D-1),

    Defendant.

_____/

## ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582

This matter is before the Court on Defendant John Austin's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On June 17, 2011, Austin entered a plea of guilty to all five counts of Distribution of a Controlled Substance containing cocaine base, 21 U.S.C. § 841(a)(1) set forth in the First Superseding Indictment without a Rule 11 Plea Agreement. On October 14, 2011, the Court imposed a sentence of imprisonment of 120 months on each five counts, to run concurrently, followed by a term of supervised release for 96 months on each of Counts One to Three and 60 months on each of Counts four and five, to run concurrently. (Judgment, Doc. No. 36)

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines. *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made that amendment retroactive. *Id.*, Amdt. 713 (effective Mar. 3, 2008). When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction because Amendment 706 does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the crack cocaine guidelines. *Id.* at 422-23.

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for

drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) *(en banc), cert denied,* 134 S.Ct. 1779 (2014).

Austin argues that the Sixth Circuit in *United States v. Blewett,* 719 F.3d 482 (6th Cir. 2013), held that the FSA and the new retroactive Sentencing Guidelines adopted by the Commission should replace retroactively the old, discriminatory mandatory minimums with the new, more lenient minimums. *Id.* at 490. However, the Sixth Circuit, sitting *en banc*, vacated the panel's opinion, finding that the FSA was not to be applied retroactively. *Blewett,* 746 F.3d at 650. It is noted that the Commission after the FSA was enacted, applies the new ratios under the FSA prospectively. *Id.* at 653. On July 13, 2011, the Commission voted to apply the sentencing ratios retroactively, but expressly noted that the application does not make any statutory changes in the FSA to be applied retroactively. *Id.* at 654, 657.

Here, Austin was sentenced on October 14, 2011, *after* the FSA went into effect. The Court imposed a sentence of imprisonment of 120 months on each of the five counts, to run concurrently. Austin argues that his sentence was based on a

3

mandatory minimum sentence of 120 months to distribute approximately 236 grams (Probation determined 350.12 grams) of crack cocaine and that pursuant to the FSA, that amount of crack now carries a five year (60 months) minimum, instead of a ten year (120 months) mandatory minimum. However, the mandatory minimum ten year sentence imposed by the Court was not based on the amount of crack cocaine involved (although this amount was calculated in the total offense level) but was based on an enhancement as a career offender under 21 U.S.C. § 851. *See,* 21 U.S.C. § 841(b)(1)(B) for penalties. The Judgment states that as to Counts 1 through 3, the sentence was based on 21 U.S.C. §§ 841(a)(1) and 851. (Judgment, Doc. No. 36)

At sentencing, the Court determined Austin's career offender level at 32. After reduction for acceptance of responsibility and adding the career offender status, the Court found a total offense level of 34. As a career offender, the criminal history category was set at level VI, with the guideline sentencing range of imprisonment of 262 to 327 months. The Court's sentence of 120 months on each count was well below the guideline range. Retroactive sentencing is not applicable in this case since Austin's sentence was based on his status as a career offender. *Johnson,* 654 F.3d at 422-23.

Accordingly,

4

IT IS ORDERED that Defendant John Austin's Motion for Retroactive Application of Sentencing Guidelinse to Crack Offense under 18 U.S.C. § 3582(c)(2) **(No. 39)** is DENIED.

                                                    /s/ Denise Page Hood  
                                                    DENISE PAGE HOOD  
                                                    United States District Judge

Dated:    JUL 1 7 2014